**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 20 2014, 9:07 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ERIC C. BOHNET**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| GEORGE ODONGO, ) | |
| ) | |
| Appellant-Petitioner, ) | |
| ) | |
| vs. ) | No. 79A04-1308-PC-377 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE TIPPECANOE CIRCUIT COURT
The Honorable Donald L. Daniel, Judge
Cause No. 79C01-1012-PC-6

**June 20, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

George Odongo appeals the post-conviction court's denial of his petition for post-conviction relief. We affirm.

## Issue

Odongo raises one issue, which we restate as whether he was denied the effective assistance of trial counsel.

## Facts

In 2007, the State charged Odongo with Count I, Class D felony sexual battery related to B.F.; Count II, Class D felony confinement related to B.F.; Count III, Class D felony attempted sexual battery related to A.O.; Count IV, Class B felony criminal deviate conduct related to R.J.; Count V, Class D felony sexual battery related to R.J.; and Count VI, Class D felony confinement related to R.J. The State later dismissed Count III. On direct appeal, we summarized the facts related to R.J. as follows:

> In August 2007, R.J. went to a dance on the campus of Purdue University. On her way home from the dance at approximately two a.m., she encountered Odongo, James Bumanglag, and Jonathan Cappelli. Odongo approached R.J. and asked her to have sex with him, but she refused Odongo's offer. Odongo began groping R.J., touching her breasts, and putting his hand down her pants and inserting his fingers into her vagina. R.J. returned to her dormitory and told her friends about the incident but did not contact the authorities until the next day. Also the following day, R.J. was examined by Jennifer Knowles, a sexual assault nurse examiner ("SANE") at the hospital.

Odongo v. State, No. 79A02-0812-CR-1172, slip op. at 2 (Ind. Ct. App. Feb. 23, 2010), trans. denied. During an interview with the police, Odongo admitted that he put his

fingers in R.J.'s vagina and that he kissed her and touched her butt. However, he claimed that the encounter was consensual. After a jury trial, Odongo was found guilty of Count IV, criminal deviate conduct, and Count V, sexual battery, both related to R.J. The trial court sentenced him to an aggregate sentence of eight years in the Department on Correction. We affirmed Odongo's convictions on direct appeal, and our supreme court denied transfer.

In December 2010, Odongo filed a petition for post-conviction relief, arguing that he was denied the effective assistance of trial counsel. After a hearing, the post-conviction court entered findings of fact and conclusions thereon denying Odongo's petition. Odongo now appeals.

**Analysis**

Odongo argues that the post-conviction court erred by denying his petition. A court that hears a post-conviction claim must make findings of fact and conclusions of law on all issues presented in the petition. Pruitt v. State, 903 N.E.2d 899, 905 (Ind. 2009) (citing Ind. Post-Conviction Rule 1(6)). "The findings must be supported by facts and the conclusions must be supported by the law." Id. Our review on appeal is limited to these findings and conclusions. Id. Because the petitioner bears the burden of proof in the post-conviction court, an unsuccessful petitioner appeals from a negative judgment. Id. (citing P-C.R. 1(5)). "A petitioner appealing from a negative judgment must show that the evidence as a whole 'leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court.'" Id. (quoting Allen v. State, 749 N.E.2d 1158, 1164 (Ind. 2001), cert. denied). Under this standard of review, "[we] will disturb a post-

3

conviction court's decision as being contrary to law only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion." Id.

Odongo argues that his trial counsel was ineffective. To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his or her counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance. Ben-Yisrayl v. State, 729 N.E.2d 102, 106 (Ind. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)), cert. denied. A counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. French v. State, 778 N.E.2d 816, 824 (Ind. 2002). To meet the appropriate test for prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. Failure to satisfy either prong will cause the claim to fail. Grinstead v. State, 845 N.E.2d 1027, 1031 (Ind. 2006). Most ineffective assistance of counsel claims can be resolved by a prejudice inquiry alone. Id.

On appeal, Odongo argues that his trial counsel was ineffective because: (1) he failed to subpoena R.J.'s cell phone records; (2) failed to obtain video surveillance; (3) failed to obtain university card swipe records; (4) failed to interview Austin Bradley; (5) failed to impeach R.J. regarding the description of her clothing; (6) failed to impeach Bradley with his statement to the police; and (7) failed to impeach "various prosecution

4

witnesses" regarding time and distances. Appellant's Br. p. 6. According to Odongo, his trial counsel's cumulative errors prejudiced him.

In support of his argument, Odongo relies on Parish v. State, 838 N.E.2d 495 (Ind. Ct. App. 2005), in which this court reversed the denial of a petition for post-conviction relief. In Parish, the defendant showed that his trial counsel had failed to conduct a meaningful investigation into the attempted murder and robbery charges against him. At his post-conviction hearing, the defendant presented substantial evidence that the incident took place in a different location than the victims testified to at the trial and that his trial counsel called only seven of his twelve alibi witnesses. This court concluded that "if eyewitnesses were not telling the truth about where the crime occurred, then that could cast doubt on their account of how the crime occurred and who was involved, thereby strengthening Parish's alibi defense." Parish, 838 N.E.2d at 502. Trial counsel also failed to object to an Allen charge jury instruction. We determined that trial counsel was deficient for failing to object to the instruction. We concluded that the defendant had "shown a reasonable probability that had [trial counsel] independently investigated the shooting, presented that evidence, and then objected to the Allen charge, the result of the proceeding would be different." Id. at 503.

Unlike in Parish, however, Odongo has failed to present substantial evidence at the post-conviction hearing that his trial counsel failed to conduct a meaningful investigation or that the outcome of his trial likely would have been different if his trial counsel had performed differently. Odongo's first argument is that his trial counsel should have obtained R.J.'s cell phone records, which, according to him, reveal discrepancies in the

timing of phone calls that she made during the assault. It was undisputed that R.J. made a phone call during the assault. Odongo's counsel used that evidence at the trial in an attempt to discredit R.J.'s claims. "Counsel is afforded considerable discretion in choosing strategy and tactics, and we will accord that decision deference." Laux v. State, 985 N.E.2d 739, 746 (Ind. Ct. App. 2013), trans. denied. Because the use of the cell phone records was a matter of strategy, the post-conviction court found that trial counsel's performance was not deficient, and we agree. Further, Odongo does not explain the "discrepancy" between R.J.'s testimony and the cell phone records, and the cell phone records were not admitted at the post-conviction hearing. Odongo has made no showing that, but for trial counsel's failure to obtain the cell phone records, the result of the proceeding would have been different.

Next, Odongo argues that his trial counsel was deficient for failing to obtain video surveillance and university card swipe records. He contends that this evidence "might have cast doubt or even disproven" R.J.'s description of the events. Appellant's Br. p. 6. Trial counsel testified at the post-conviction hearing that video surveillance was not available, and he concluded that, given Odongo's admission to the touching, the video surveillance and swipe records would be irrelevant. Odongo's pure speculation that the evidence would have been helpful is insufficient to establish that his trial counsel was deficient or that, but for trial counsel's failure to obtain the evidence, the result of the proceeding would have been different.

Odongo also argues that trial counsel was ineffective for failing "to interview a key prosecution corroboration witness whose initial story to the police suggested his

understanding of events was quite different than what was told at trial." Id. We presume that Odongo is referring to prosecution witness Austin Bradley because in his statement of the facts, Odongo states: "Austin Bradley had exculpatory information relating to the conduct of accuser R.J. prior to the incident that may have explained some of the physical evidence of vaginal injury . . . ." Id. at 3. However, Odongo does not elaborate on this argument further. This argument is simply insufficient to show that the post-conviction court's findings and conclusions were clearly erroneous. Odongo has failed to demonstrate that his trial counsel was ineffective on this issue.

Odongo next argues that his trial counsel failed to impeach R.J. regarding the description of her clothing. According to Odongo, "the accuser testified that she had been able to make a phone call while Odongo was restraining her by pulling the phone from a pocket in her shirt, but the shirt did not have a pocket." Id. at 6. Odongo admitted to officers that he touched R.J. but argued that the touching was consensual. Trial counsel used the telephone call during the assault to discredit R.J.'s claim of no consent. We cannot say that this alleged minor discrepancy in R.J.'s testimony is sufficient to establish that his trial counsel was deficient or that, but for trial counsel's failure to impeach R.J. on this issue, the result of the proceeding would have been different.

Odongo also argues that his trial counsel "failed to cross examine the accuser's friend about exculpatory information he had divulged to police that may have indicated an alternative source for the accuser's vaginal injuries." Id. Again, we presume that Odongo is referring to Bradley's testimony. However, Odongo does not explain the

7

allegedly "exculpatory information," and he has failed to demonstrate that trial counsel's performance was deficient or that he suffered prejudice from the alleged deficiency.

Finally, Odongo argues that his trial counsel should have raised "discrepancies in the times and distances suggested by various prosecution witnesses." Id. Odongo does not explain what discrepancies he is raising, what witness are at issue, or how he was prejudiced by this alleged deficiency. He has failed to demonstrate that the post-conviction court's denial of his petition on this issue was clearly erroneous.

Lastly, Odongo contends that the cumulative effect of his trial counsel's errors rendered the representation ineffective. Odongo must show that there were cumulative errors in his trial counsel's performance and that such errors resulted in prejudice. Odongo has simply failed to show any cumulative errors or prejudice from the alleged cumulative errors.

**Conclusion**

The post-conviction court did not err by denying Odongo's petition for post-conviction relief. We affirm.

Affirmed.

BAKER, J., and CRONE, J., concur.

8